IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FRANCIS S. WHELAN<br>Petitioner<br><br>v.<br><br>JUNTA DE LIBERTAD<br>BAJO PALABRA, ADM. DE<br>CORRECCION<br>Respondents | Civil No. 98-2368 (SEC) |

## ORDER

This case is before the Court on a garden variety of motions by petitioner Francis S. Whelan; these are: (1) "Motion to Correct or Amend the Order Denying Compensation" (**Docket # 4**), (2) "Motion for Enforcement and Further Relief" (**Docket # 5**), and (3) "Motion for Summary Judgment" (**Docket # 11**). For the reasons set forth below, petitioner's motions are denied.

Petitioner initiated this action on December 7, 1998, by filing a motion seeking compensation (**Docket # 1**) and another one requesting the issuance of a writ of mandamus and a hearing (**Docket # 2**). Petitioner named as respondents the Puerto Rico Parole Board and the Puerto Rico Administration of Corrections. On January 19, 1999, the Court denied petitioner's motion for compensation and granted in part and denied in part petitioner's motion for a writ of mandamus and a hearing. (**Docket # 3**).

At the time this action was filed, petitioner was an inmate at the Campamento Zarzal Correctional Institution in Río Grande, Puerto Rico.[1] He sought redress from this Court on the

---

[1] Presently, it appears that petitioner has been released. (**Docket # 13**).



AO 72A
(Rev. 8/82)

**Civil No. 98-2368 (SEC)**                                                                 2

following grounds: (1) that the Puerto Rico Administration of Corrections did not timely provide him with a copy of his sentence computation; (2) that neither the socio-penal worker in charge of his case nor the President of the Treatment Committee timely sent their recommendations to the Puerto Rico Parole Board; (3) that the Parole Program of the Department of Corrections did not timely send its report regarding his parole application to the Parole Board; (4) that the Parole Board did not timely notify him of his parole hearing; (5) that the Parole Board belatedly conducted his parole hearing; and (6) that the Parole Board did not timely notify him of the resolution of his parole application.

These omissions, petitioner contended, violated his due process right as well as the provisions of the judgment entered on September 19, 1977, in the case of Efraín Montero Torres, et al. v. Rafael Hernández Colón, et al., Civil No. 75-828. Petitioner requested compensation in the amount of $100 for each day that respondents delayed compliance with Torres Montero. He also requested that a third of this compensation be destined for the acquisition of law related materials for the Campamento Zarzal Correctional Institution's library.

As the Court stated then, and restates now, Torres Montero is subject to the continuing jurisdiction of this Court. See id. ¶ 12. It requires that the Administration of Corrections furnish every prisoner with a copy of the computation or liquidation of his minimum and maximum sentences within five working days of the receipt of the sentence at the institution at which the prisoner is committed. See id. ¶ 2. The order also requires that the President of the Treatment Committee and the socio-penal worker in charge of a prisoner's case transmit their recommendations to the Parole Board, at least 90 days prior to the completion of the prisoner's minimum sentence.

**Civil No. 98-2368 (SEC)**                                                                 3

See id. ¶ 5. Moreover, Torres Montero establishes a maximum time period of 90 days prior to the completion of a prisoner's minimum sentence for the Parole Program of the Administration of Corrections to submit its report to the Parole Board. See id. ¶ 6. Paragraph 8 of the order requires that a prisoner be notified of his forthcoming parole hearing at least 20 days prior to the hearing. Paragraph 8 further requires the Parole Board to conduct a parole hearing as closely as possible to the date of expiration of a prisoner's minimum sentence, but no later that 45 days after such date. Finally, Torres Montero establishes a 20-day time limit for the Parole Board to notify a prisoner of its decision regarding his parole application. Any prisoner affected by the violation of these provisions may seek redress from this Court.

According to petitioner, these provisions were violated in his case by the Parole Board and the Administration of Correction's untimeliness. We determined, however, that there was no basis in Torres Montero for this Court to grant petitioner any compensation due to respondents' alleged belatedness. Second, even assuming that the Court had an inherent power to grant such compensation, petitioner failed to show that he suffered any harm warranting such relief. Nonetheless, we ordered the Parole Program of the Administration of Corrections to immediately submit its report to the Parole Board for the resolution of petitioner's parole application.

In the motions now pending before the Court, petitioner seeks the same reliefs, to wit: monetary compensation and a hearing.[2] First, petitioner is wrong in arguing that he may be privately compensated in damages under Torres Montero. Such a claim strikingly resembles an action under

---

[2] He also seeks to be released from prison. However, as he is no longer incarcerated, this request is moot.

AO 72A
(Rev. 8/82)

**Civil No. 98-2368 (SEC)**                                                                 4

42 U.S.C. § 1983, and it is well settled that neither a State, a state agency nor a state official acting in her or his official capacity may be sued for damages in a § 1983 action. See, e.g., Wang v. New Hampshire Bd. of Registration in Medicine, 55 F.3d 698 700 (1st Cir. 1995); Johnson v. Rodríguez, 943 F.2d 104, 108 (1st Cir. 1991); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). This is so because § 1983 did not abrogate an unconsenting state's Eleventh Amendment immunity from being sued in damages in federal court. See Quern v. Jordan, 440 U.S. 332, 341 (1979); Will, 491 U.S. at 66-67. This protection also extends to the Commonwealth of Puerto Rico. See, e.g., Negrón Gaztambide v. Hernández Torres, 145 F.3d 410, 415 n. 7 (1st Cir. 1998); Fred v. Aponte Roque, 916 F.2d 37, 38 (1st Cir. 1990). Because petitioner is claiming against the Department of Corrections and the Parole Board, both which are agencies of the Commonwealth of Puerto Rico, his request for monetary relief is insupportable as a matter of law, and must be dismissed accordingly.

Moreover, in order to establish a prima facie claim under § 1983, the complaining party must allege that: (1) the conduct complained of was committed by a person acting under color of state law; and (2) this conduct constitutes a deprivation of a constitutional right or a federal statutory right. See Parrat v. Taylor, 451 U.S. 527, 536 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330-31; Martínez-Rodríguez v. Colón-Pizarro, 54 F.3d 980 (1st Cir.), cert. denied, 116 S. Ct. 515 (1995); Martínez-Vélez v. Simonet, 919 F.2d 808, 810 (1st Cir. 1990). In this case, petitioner does not identify anybody in particular as violating his constitutional rights. Therefore, his claim must also be dismissed on this ground.

AO 72A
(Rev. 8/82)

Second, petitioner's request for monetary relief to be distributed to the library of the Campamento Zarzal, while noble, is also not warranted. Admittedly, respondents could be found in civil contempt and imposed a monetary sanction for failure to obey an order from this Court directing them to comply with Torres Montero. In this case, however, respondents complied with the Court's order, as evidenced by the documents submitted by petitioner. (**Docket # 11**, Exhibit 1; Exhibit 6).

For the foregoing reasons, petitioner's (1) "Motion to Correct or Amend the Order Denying Compensation" (**Docket # 4**), (2) "Motion for Enforcement and Further Relief" (**Docket # 5**), and (3) "Motion for Summary Judgment" (**Docket # 11**) are hereby **DENIED** in their entirety. Moreover, having determined that petitioner's request for damages is barred by the Eleventh Amendment, and having found that respondents substantially complied with the Court's January 19, 1999 order, and further noting that petitioner is no longer confined, the Court hereby **DISMISSES** this action in its entirety. Judgment shall follow accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 24TH day of March, 2000.

SALVADOR E. CASELLAS
United States District Judge